# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:04CR117-11

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| PATRICK ALEXANDER LIPSCOMBE. ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, upon a violation report filed in the above entitled cause on August 15, 2005. In the violation report the United States Probation Office alleged that the defendant had violated terms and conditions of his pretrial release alleging that the defendant had attempted to obstruct or tamper with the efficiency and accuracy of any prohibited substance screening or testing and that the defendant had admitted that he had used methamphetamine. Thereafter, a violation report was filed on September 2, 2005 alleging that the defendant had violated the terms and conditions of his pretrial release and that he had committed an offense in violation of Federal Law, that being the counterfeiting of United States Currency. At the call of these matters on for hearing it appeared that the defendant was present with his counsel, attorney Sean Devereaux, and that the Government was present through Assistant United States Attorney, Corey Ellis. The defendant moved for a continuance of the hearing of the violation report filed on September 2, 2005 based upon the fact that the defendant had not had sufficient time to prepare for the hearing of the September addendum to the violation report. The defendant advised that he was ready to go forward with the hearing of the allegations contained in the violation report

of August 15, 2005 and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations contained in the violation report filed on August 15, 2005. The Government introduced, without objection, the violation report into evidence. The defendant was charged in a bill of indictment filed December 6, 2004 with one count of conspiracy to manufacture and possess with intent to distribute methamphetamine. A hearing was held in regard to detention of the defendant on December 17, 2004. On that date, the undersigned entered an order releasing the defendant on a $25,000.00 unsecured bond. The undersigned further set conditions of release which included the following:

(1) That the defendant shall not commit any offense in violation of Federal, State or local law while on release in this case.

(7)(m) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(7)(n) The defendant shall submit to any method of testing required by the Office of Probation and Pretrial Services for determining whether the defendant is using a prohibited substance.

(7)(p) The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is required as a condition of release.

On July 29, 2005, the defendant reported to the United States Probation Office Pretrial Services Office. At that time he was requested to submit to a drug test. During the process of attempting to obtain a sample of urine from the defendant, United States Probation Officer discovered that the defendant had upon his person an apparatus by which he was attempting to obstruct or tamper with the prohibited substance testing. At that time, the defendant admitted to using methamphetamine on July 26, 2005.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1) finds that there is----
 (A) probable cause to believe that the person has committed a
Federal, State, or local crime while on release; or
 (B) clear and convincing evidence that the person has violated any
 other condition of release; and
(2) finds that ---
 (A) based on the factors set forth in section 3142(g) of this title, there
is no condition or combination of conditions of release that will assure that the person will
not flee or pose a danger to the safety of any other person or the community; or
 (B) the person is unlikely to abide by any condition or combination
of conditions of release.

If there is probable cause to believe that, while on release, the person committed a
Federal, State, or local felony, a rebuttable presumption arises that no condition
or combination of conditions will assure that the person will not pose a danger to
the safety of any other person or the community."

Based upon the evidence, the undersigned finds that there is also probable cause to believe that the defendant committed a Federal or State crime while on release. The defendant admitted that he had consumed methamphetamine. The consumption of methamphetamine is a misdemeanor under Federal law, 21 U.S.C. § 844 and is a felony under State law, N.C.G.S. § 90-95(a)(3). Due to the fact that there is probable cause to believe that the defendant committed a State felony, a

3

rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that the defendant would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that the defendant violated other conditions of release in that it has been shown by clear and convincing evidence that the defendant violated the term and condition that states that he shall not commit any offense in violation of Federal, State or local law while on release in regard to this case. The possession and consumption of methamphetamine are violations of Federal and State law. The defendant further violated the terms and conditions of his pretrial release in that he was ordered to refrain from use or unlawful possession of a narcotic drug unless it was prescribed by a licensed medical practitioner. The defendant has clearly violated this condition by possessing and using methamphetamine which is a drug which is not prescribed by licensed medical practitioners. The defendant further violated the terms and conditions of pretrial release that required him to submit to any method of testing required by the Office of Probation and Pretrial Services for determining whether he was using a prohibited substance and that he refrain from obstructing or attempting to obstruct or tamper in any fashion with the efficiency and accuracy of any prohibited substance testing in that he attempted to use a devise which would materially affect the efficiency and accuracy of any prohibited substance testing.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that

based upon the defendant's actions, that it is unlikely that the defendant will abide by any condition or combination of conditions of release.  As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

In regard to the addendum to the violation report filed on September 2, being filed only one business day before the scheduled hearing in this matter, the undersigned finds that it would be in the interest of justice to continue the hearing of that allegation to give sufficient time to prepare for that hearing.

IT IS THEREFORE **ORDERED** th**a**t the unsecured bond and the terms and conditions of pretrial release entered in this matter are hereby **REVOKED** pursuant to the defendant's admission of his violations as contained in the violation report filed August 15, 2005 and it is **ORDERED** that the defendant be detained pending sentencing and further proceedings in this matter.  It is further **ORDERED** that the hearing of the violations contained in the violation report filed September 2, 2005 are hereby **CONTINUED** to be rescheduled by the Clerk of the Federal Court.

**Signed: September 12, 2005**

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge